IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALAN CARDOZO, )
)
        Plaintiff, )
)
v. ) Case No. 10-2011-JWL
)
HOME DEPOT U.S.A., INC.; )
HD SUPPLY, INC.; and )
THE HOME DEPOT, INC., )
)
        Defendants. )
)
_____)

**MEMORANDUM AND ORDER**

In this diversity action, plaintiff brings product liability claims against defendants Home Depot U.S.A., Inc. ("Home Depot U.S.A."), HD Supply, Inc. ("HD Supply"), and The Home Depot, Inc. ("Home Depot, Inc."). This matter is presently before the Court on three motions by defendants. First, the Court **grants** the motion to dismiss by defendants HD Supply and Home Depot, Inc. based on the statute of limitations (Doc. # 15), and the claims against those two defendants are dismissed. Second, the Court **grants** defendant Home Depot U.S.A.'s motion to bar experts (Doc. # 21), and plaintiff is barred from offering opinion or expert evidence in this case. Third, the Court **grants in part and denies in part** defendant Home Depot U.S.A.'s motion for attorney fees and costs (Doc. # 23), and plaintiff is ordered to pay costs to Home Depot U.S.A. in the amount of $100.00 on or before **August 2, 2010**.

## I. Motion to Dismiss Based on Statute of Limitations (Doc. # 15)

Plaintiff, a Kansas resident, alleges that he suffered injuries on March 14, 2004, while using a ladder manufactured by Werner Co. ("Werner") that he purchased at a Home Depot store in Kansas. Plaintiff originally brought suit against these three defendants and Werner on March 10, 2006, in the District Court of Johnson County, Kansas. Werner subsequently declared bankruptcy, the case was stayed for a period of time, and subsequently the stay was lifted to allow the case to proceed against the three Home Depot defendants. On July 16, 2008, plaintiff and defendants HD Supply and Home Depot, Inc. filed in the state-court action a joint stipulation of dismissal of plaintiff's claims against those two defendants. On September 22, 2009, the state district court entered an order dismissing the remainder of plaintiff's case without prejudice upon certain terms. Plaintiff then filed the present action on January 7, 2010.

Defendants HD Supply and Home Depot, Inc. ("movants") seek dismissal of plaintiff's claims under the applicable two-year statute of limitations. *See* K.S.A. § 60-513.[1] Movants concede that the statute was tolled during the pendency of plaintiff's state-court action against them, but they argue that plaintiff's claims are barred because plaintiff failed to file his second suit against them within six months after the 2008

---

[1]Because it appears that plaintiff suffered the alleged injury in Kansas, the Court applies that state's limitations law. *See Miller v. Armstrong World Indus.*, 949 F.2d 1088, 1089 n.3 (10th Cir. 1991) (in diversity case, federal court applies statutes of limitations that the forum state's courts would apply); *Green v. Kensinger*, 199 Kan. 220, 223 (1967) (Kansas courts apply their own statutes of limitations); *cf.* K.S.A. § 60-516 (Kansas borrowing statute for causes of action arising in other states).

2

stipulation of dismissal, as permitted by the savings statute, K.S.A. § 60-518. Plaintiff does not dispute that his claims are governed by a two-year limitations period or that his claims against movants would be untimely if the 2008 stipulation of dismissal triggered the savings statute. Plaintiff argues, however, the savings statute's six-month period did not begin to run until the state court ordered the dismissal of his entire state-court action in September 2009.

Like its federal counterpart, Kansas state-court Rule 241(a) provides for voluntary dismissal of actions. *See* K.S.A. § 60-241(a). During the pendency of the state-court action,[2] Rule 241(a)(1) provided that a plaintiff could dismiss an action as follows:

> . . . [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Where the dismissal is by stipulation the clerk of the court shall enter an order of dismissal as a matter of course.

*Id.* § 60-241(a)(1) (2005). Otherwise, an action could not be dismissed "at the plaintiff's instance save upon order of the judge and upon such terms and conditions as the judge deems proper." *Id.* § 60-241(a)(2) (2005). In plaintiff's state-court action, there is no record that the clerk of court entered an order of dismissal following the filing of the parties' stipulation of dismissal, as directed by Rule 241(a)(1). Thus, plaintiff argues that, for purposes of the six-month savings statute, the dismissal of the claims against

---

[2]Rule 241 was amended in 2010. *See* 2010 Kan. Sess. Laws, ch. 135, § 110. The substance of these provisions did not change, however.

movants was not effective until 2009, when the entire action was dismissed by court order.³

The Court rejects this argument by plaintiff. Although Rule 241(a)(1) may direct the clerk of court to enter an order following a stipulation of dismissal, the rule does not make the dismissal dependant on that clerk's order. To the contrary, the rule provides for dismissal by stipulation as a means of voluntary dismissal "without order of the court." *See id.* § 60-241(a)(1). Moreover, by its terms, the savings statute does not count its six months from the date of a court order or even from the date of dismissal, but rather from the date of the "failure" of plaintiff's action otherwise than on the merits. *See id.* § 60-518. In this case, plaintiff's state-court claims against movants failed in 2008, when the parties filed a stipulation that effected the dismissal of those claims "without order of the court."

This application of the savings statute is supported by the holding in *Smith v. State*, 22 Kan. App. 2d 922 (1996). In that case, the court counted the six months granted by the savings statute from the date on which the plaintiff filed a motion for voluntary dismissal in his first action, on the basis that because no answer or summary

---

³Plaintiff has not argued that movants claims could not be dismissed by stipulation under Rule 241(a)(1) because the entire "action" was not being dismissed at that time. The weight of authority allows for dismissal of particular defendants under the federal equivalent of Rule 241. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3662 at 410 (3d ed. 2008). In the state court action, plaintiff clearly did not proceed pursuant to K.S.A. § 60-221 (parties may be dropped upon court order), but instead sought dismissal of the claims against movants by stipulation under Rule 241(a)(1).

4

judgment motion had been filed, the plaintiff was free to dismiss by notice without order of the court. *See id.* at 925-26. The court agreed with other courts' reasoning that the caption of the filing did not control and that once a plaintiff files the document within the time frame permitted for dismissal by notice, neither the court nor the adverse party can prevent dismissal. *See id.* at 924-25. *Smith* thus did not involve a dismissal by stipulation; nonetheless, the case is instructive because, as in the case of a dismissal by notice, once the stipulation is filed, the court cannot prevent dismissal. Accordingly, in the present case, as in *Smith*, the filing of the document effecting dismissal without court order triggered the running of the six-month period provided in the savings statute.

Because plaintiff did not file his present claims against movants within six months after the filing of the stipulation in 2008, the savings statute does not apply, and plaintiff's claims against movants are therefore time-barred. Accordingly, the Court dismisses plaintiff's claims against defendants HD Supply and Home Depot, Inc.[4]

## II. Motion to Bar Experts (Doc. # 21)

Defendant Home Depot U.S.A. moves the Court for an order barring plaintiff from offering opinion or expert evidence in this case, pursuant to the state court's order of September 22, 2009, dismissing plaintiff's state-court action. A review of a portion of the procedural history of the previous action is necessary here.

---

[4]In light of this ruling, the Court need not address these defendants' alternative argument based on estoppel.

On February 9, 2009, the state court issued a scheduling order that included a deadline of March 2, 2009, for plaintiff's expert disclosures pursuant to K.S.A. § 60-226(b)(6). Plaintiff did not comply with that deadline. Instead, on February 27, 2009, plaintiff's counsel renewed an earlier motion to withdraw from their representation of plaintiff. The court conducted a telephone hearing on the motion on March 12, 2009, at which it granted the motion to withdraw and set a follow-up telephone conference to determine whether plaintiff had secured substitute counsel. Plaintiff had still not retained counsel by April 16, 2009, when the follow-up conference took place. On April 27, 2009, the court conducted another telephone conference, at which plaintiff appeared pro se, and the court ordered that plaintiff's expert disclosures would be due by May 18, 2009 (a date memorialized in a new scheduling order issued April 29, 2009). When plaintiff failed to meet that deadline, defendant filed a motion to bar expert and opinion evidence by plaintiff. At a telephone hearing on June 25, 2009, the court denied plaintiff's pro se motion to continue the trial setting and granted defendant's motion. The court subsequently issued a journal entry, dated July 22, 2009, in which the court noted that plaintiff had failed to designate experts by the deadline and had failed to seek additional time, stated that plaintiff had offered no just cause or excuse for that failure, and ordered that plaintiff was "barred from calling or offering opinion or expert evidence at the trial of this matter."

On July 15, 2009, plaintiff, still acting pro se, filed a written motion for dismissal of the action without prejudice. In a supporting brief, filed July 31, 2009, plaintiff

attributed the failure to meet the expert deadline and the order barring expert evidence to his former counsel's mishandling of the case and delay in releasing their file to plaintiff, and he insisted that he had tried to retain new counsel. The court conducted a hearing on the dismissal motion on August 4, 2009. At the hearing, plaintiff argued that former counsel had delayed in turning over his file, which he finally received in a poor state in April; that he did have an expert, as shown by a letter from that expert contained in former counsel's file; that he had told defendant's counsel about that expert, but that he did not know how to do expert designations properly; that he had found substitute counsel; and that he shouldn't be punished for his former counsel's failures. The court, in ruling on the motion for dismissal, noted that plaintiff had obviously and admittedly received help from new counsel (and that plaintiff had "obviously" not written his supporting brief), that plaintiff had received his file, including the letter from the expert, and that plaintiff had had two months from the time of the March 12 hearing until the May 18 expert disclsoure deadline; and the court concluded that plaintiff could have complied with that deadline. The court thus stated that it would grant the dismissal without prejudice, but that plaintiff had not presented anything that would warrant extension of the expert disclosure deadline if the case were re-filed, although it would reconsider that decision if plaintiff presented new information in the future (something other than "My attorney didn't do what he was supposed to do"). On September 22, 2009, the court issued its written order of dismissal, in which it ordered as follows:

    1.       That Plaintiff's motion to dismiss this action without prejudice is

granted.

2. That the court grants the motion with and upon the condition that if the case is refiled it shall be subject to the Scheduling Order in place and on file in this action and subject to the Order Barring Experts entered in this action.

3. If the matter is refiled, Plaintiff is not precluded from asking the court to reconsider the Order Barring Experts if the Plaintiff can present a just reason to set the order aside. Nothing was presented at this hearing [of August 4, 2009] that would cause the court to want to extend the Scheduling Order to allow Plaintiff additional time to designate experts.

Thus, it is clear that the state court dismissed plaintiff's prior action without prejudice, subject to the condition that its order barring expert evidence would apply in any re-filed action, unless plaintiff presented a just reason for relief from that order that went beyond those reasons already presented to that court (including his former counsel's failures). *See* K.S.A. § 60-241(a)(2) (2005) (court may order dismissal "upon such terms and conditions as the judge deems proper").

By its present motion, defendant seeks to enforce the condition that, if plaintiff re-files and again pursues its claims against defendant, he may do so (with the prior dismissal being without prejudice) only if he is barred from presenting expert or opinion evidence. Plaintiff (who is represented by counsel in this action) does not challenge or seek to undo the dismissal order and the condition attached to the dismissal by the state court. Rather, plaintiff argues that he has now presented new, additional reasons for missing the state-court expert deadline that justify relief from the state court's order barring expert evidence by plaintiff, such that the exception in the condition has been

8

satisfied.

The Court thus considers plaintiff's present reasons in light of plaintiff's previous arguments to the state court, and it concludes that plaintiff has not presented any new reasons that were not presented or available to the state court. For instance, plaintiff generally complains that the full procedural history of the case was not presented to the state court during the hearing on plaintiff's dismissal motion, but the court certainly had the procedural history available to it. Plaintiff takes issue with the state court's statement that he had had more than two months in which to make his expert designations, while in fact the second scheduling order set that deadline a mere 21 days later; again, however, the court had the procedural history available to it, and it clearly indicated that plaintiff had had two months from the time of the withdrawal of his former counsel. Plaintiff insists that he was truly attempting to secure new counsel and to arrange for an expert, but that argument is not new, as he made the same argument to the state court. Plaintiff blames his former counsel for failing to conduct sufficient discovery, but the state court made clear that counsel's poor performance did not constitute a sufficient reason to overcome the condition on the dismissal without prejudice.

Finally, plaintiff argues that defendant incorrectly informed the state court that the facts were similar to those in *Cheek v. Hird*, 9 Kan. App. 2d 248 (1984), in which the court of appeals upheld a dismissal without prejudice conditioned on a prohibition against further discovery or additional witnesses in any re-filed action. *See id.* Plaintiff argues now that the new information not presented to the state court is the fact that

9

*Cheek* is actually factually distinguishable from the present case. The Court rejects this argument. The state court had both the case and the procedural history available to it at the time of its order; the transcript reveals that, in fact, it was plaintiff who first cited *Cheek* to the state court; and plaintiff has not suggested that the state court somehow violated Kansas law in imposing the condition on its dismissal without prejudice because the case was not on all fours with *Cheek*. The fact that plaintiff does not agree with defendant's argument at the prior hearing concerning a case cited by plaintiff at that time does not constitute a new reason, beyond those reasons argued to the state court, justifying relief from the dismissal condition.

Thus, plaintiff has not provided new information or a new reason beyond the information and argument presented and available to the state court. The state court held numerous hearings, and it was in the best position to consider the procedural history of the case and plaintiff's difficulties with counsel. That court concluded that plaintiff had not presented a just reason to excuse his non-compliance with the expert deadline. Thus, the state court conditioned the dismissal without prejudice on a prohibition against expert or opinion evidence from plaintiff, unless plaintiff could offer something truly new to justify relief from that ban. Plaintiff has not done so here; therefore, plaintiff has not satisfied the exception in the dismissal order, the condition must be given effect, and the dismissal of plaintiff's previous action may be deemed without prejudice (such that plaintiff may pursue his action in this Court) only if the prohibition against expert evidence is enforced here.

10

Accordingly, the Court grants defendant's motion, and plaintiff is barred from offering opinion or expert evidence in this case.

### III. <u>Motion for Attorney Fees and Costs (Doc. # 23)</u>

Pursuant to Fed. R. Civ. P. 41(d), defendant Home Depot U.S.A. seeks an order requiring plaintiff to pay attorney fees of $28,214.00 and expenses of $1,664.64 that it incurred in the state-court action. Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

*Id.*

First, plaintiff notes and defendant concedes that over $21,000 of the requested fees and costs were not incurred by Home Depot U.S.A. (or any of the Home Depot defendants), but were actually incurred and paid by Werner. Defendant insists that it would pay over to Werner any such fees and costs recovered by this motion. Nevertheless, the Court agrees with plaintiff that defendant is not entitled to an award of fees or costs that it did not actually incur or pay in the previous action. Rule 41(d) clearly intends as much by its reference to an action against the "same defendant," and Home Depot U.S.A. has not cited any authority that would allow a defendant to recover another party's costs under this rule.

11

In an affidavit, an attorney for defendant indicates that bills from his firm (Lathrop & Gage) for 2006, 2007, and 2009 were sent to Werner, while bills for 2008 were sent to defendant. Thus, the Court denies defendant's motion as it relates to fees and expenses billed by Lathrop & Gage in 2006, 2007, and 2009. Defendant also seeks $1,091.50 for attorney fees (no expenses) billed by Paul Kaulas, a Chicago attorney. The attached bills from Mr. Kaulas do not indicate whether they were sent to Werner or to Home Depot U.S.A., but the dates indicate that those fees were incurred in 2009, when the Lathrop & Gage bills were sent to Werner. Thus, Home Depot U.S.A. has not shown that it incurred the fees billed by Mr. Kaulas, and the Court denies the motion with respect to such fees.

With respect to the remaining invoices for fees and costs billed by Lathrop & Gage to Home Depot U.S.A. in 2008, defendant seeks $7,197.00 in fees and $205.00 in expenses. Defendant relies on the Sixth Circuit's opinion in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), and argues that the Court should follow *Rogers* to conclude that plaintiff's forum-shopping in this case justifies an award under Rule 41(d). Indeed, the Court finds *Rogers* to be persuasive, but not merely with respect to the point argued by defendant. In discussing *Rogers*, defendant has failed to mention that in that case the Sixth Circuit, after noting a split in the courts on the issue, held that although Rule 41(d) permits an award of "costs", it does not authorize an award of attorney fees. *See id.* at 874-76. The court reasoned as follows:

> We now hold that attorney fees are not available under Rule 41(d).

12

The reason is simple—the rule does not explicitly provide for them. Where Congress has intended to provide for an award of attorney fees, it has usually stated as much and not left the courts guessing. Further, the law generally recognizes a difference between the terms "costs" and "attorney fees" and we have no desire to conflate the two terms. Rather, we must assume that Congress was aware of the distinction and was careful with its words when it approved Rule 41(d).

We realize that an award of attorney fees may be authorized, even if not expressly provided for, "if the statute otherwise evinces an intent to provide for such fees." *Key Tronic Corp. v. United States*, [511 U.S. 809, 815] (1994). However, the structure of the Federal Rules of Civil Procedure is ambiguous at best on the question of attorney fees. For instance, whereas Rule 41(d) only speaks of "costs" and does not mention attorney fees, several other provisions in the Federal Rules explicitly provide for recovery of attorney fees. *See Simeone v. First Bank Nat'l Ass'n*, 125 F.R.D. 150, 155 (D. Minn. 1989) (listing Fed. R. Civ. P. 30(g)(2), 37(a)(4), 37(c), 37(d) & 56(g)). In addition, Title 28 U.S.C. § 1920 lists the items a court may tax as "costs" to a prevailing party under Rule 54(d) but does not include attorney fees. *Id.* The non-inclusion of attorney fees under § 1920 indicates that, at least in some contexts, Congress does not consider attorney fees to be part of an award of "costs."

Of course, many courts have permitted an award of attorney fees under Rule 41(d). They often rely on what they consider to be the policy behind the rule and, in our view, give too little weight to its plain language. In addition, some courts find attorney fees available under Rule 41(d) because, in their view, there ought to be a certain parallelism between Rule 41(d) and Rule 41(a)(2), which also does not explicitly mention attorney fees. In *Esquivel v. Arau*, 913 F. Supp. 1382, 1391 (C.D. Cal. 1996), for instance, the court reasoned that because Rule 41(a)(2) permits a court to condition voluntary dismissal without prejudice on payment of attorney fees, Rule 41(d) also ought to permit attorney fees. The reasoning is that because both rules are intended to prevent vexatious litigation and forum shopping, "it would be inconsistent to conclude that a court has discretion to condition Rule 41(a)(2) voluntary dismissal without prejudice on payment of attorney fees, but that a court does not have discretion to exact the same payment from a plaintiff who has noticed a Rule 41(a)(1) dismissal in a previous case." *Esquivel*, 913 F. Supp. at 1391.

13

> One commentator accounts for this "anomaly" by suggesting that Rule 41(a)(2) contemplates a negotiation between the court and the litigant, but Rule 41(d) does not. Hence, these two rules are meant to "operate differently." *See* Edward X. Clinton, Jr., *Does Rule 41(d) Authorize an Award of Attorney's Fees?*, 71 St. John's L. Rev. 81, 86 (1997). We do not hang our hat on this rationale; but we note it as further evidence that the structure of the Federal Rules of Civil Procedure is not so clear on this issue that it overcomes the absence of an express provision for attorney fees in Rule 41(d). In short we are persuaded by the fact that Congress did not explicitly provide for attorney fees in Rule 41(d). We do not find that the structure of the Civil Rules is so unambiguous that we can divine a contrary intent on the part of Congress. And we think it improper to essentially re-draft the rule ourselves by reading into it language that is not there.

*Rogers*, 230 F.3d at 874-76 (footnote and additional citations omitted).

The Court agrees with and adopts the sound reasoning of the Sixth Circuit on this issue, and it therefore denies defendant's motion as it relates to fees.[5]

Thus, the Court considers only defendant's request for two items of expense billed by Lathrop & Gage to defendant in 2008. First, defendant incurred an expense of $100.00 in August 2008 relating to the admission *pro hac vice* of Mr. Kaulas in the state court. The Court agrees that plaintiff's dismissal and re-filing in this case renders that

---

[5]The Tenth Circuit has not ruled on this issue in a published, precedential case. In the unpublished case of *Meredith v. Stovall*, 2000 WL 807355 (10th Cir. June 23, 2000), which by its terms does not serve as binding precedent, a panel of the Tenth Circuit upheld an award of attorney fees and costs under to Rule 41(d). *See id.* at *1. The *Meredith* court did not conduct any analysis of the attorney-fee issue, however, and the Court therefore does not find that case to be persuasive. Moreover, the *Meredith* court, in reviewing the district court's award of fees and costs, noted the rule's purpose to prevent vexatious behavior. *See id.* at *1. Thus, even if *Meredith* were binding on this Court and mandated the interpretation that fees are permitted under Rule 41(d) in some circumstances, *Meredith* would also seem to prohibit an award of fees in this case, as the Court concludes that defendant has not shown that plaintiff acted vexatiously here.

14

admission useless, and the Court in its discretion awards reimbursement of that expense to defendant. Second, defendant incurred an expense of $105.00 in December 2008 relating to the issuance of subpoenas for plaintiff's medical records. Defendant argues that such costs would not have been incurred in federal court because plaintiff would be required here to provide medical authorizations. Defendant has not shown, however, that the federal and state rules differ with respect to the discovery of such medical records. The Court therefore exercises its discretion to deny defendant's request for reimbursement of that expense.

Accordingly, the Court grants defendant's motion for fees and costs to the extent that it awards defendant costs from plaintiff in the amount of $100.00, and it denies the motion in all other respects.[6]

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss by defendants HD Supply, Inc. and The Home Depot, Inc. based on the statute of limitations (Doc. # 15) is **granted**, and plaintiff's claims against those two defendants are hereby dismissed.

IT IS FURTHER ORDERED BY THE COURT THAT defendant Home Depot U.S.A., Inc.'s motion to bar experts (Doc. # 21) is **granted**, and plaintiff is barred from

---

[6]Given the amount of this award, the Court declines to stay this action pending payment by plaintiff.

15

offering opinion or expert evidence in this case.

IT IS FURTHER ORDERED BY THE COURT THAT defendant Home Depot U.S.A., Inc.'s motion for attorney fees and costs (Doc. # 23) is **granted in part and denied in part**, and plaintiff is ordered to pay costs to Home Depot U.S.A., Inc. in the amount of $100.00 on or before **August 2, 2010**.

IT IS SO ORDERED.

Dated this 13th day of July, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
