IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALAN CARDOZO, )
 )
        Plaintiff, )
 )
v. )   Case No. 10-2011-JWL
 )
HOME DEPOT U.S.A., INC.; )
HD SUPPLY, INC.; and )
THE HOME DEPOT, INC., )
 )
        Defendants. )
 )
_____)

**MEMORANDUM AND ORDER**

By Memorandum and Order of July 13, 2010 (Doc. # 43), the Court granted a motion by defendant Home Depot U.S.A., Inc., and ruled that plaintiff may not offer opinion or expert evidence in this case. That order stemmed from the state court's order, in prior litigation between these parties, that granted plaintiff's motion to dismiss that litigation without prejudice, on the condition that an order barring expert evidence from plaintiff (previously issued by that court) would also have effect in any re-filed suit, "unless plaintiff presented a just reason for relief from that order that went beyond those reasons already presented to that court (including his former counsel's failures)." *See id.* at 8. In its July 13 Order, this Court ruled that plaintiff had not presented such a reason, and it therefore granted the motion to bar expert evidence offered by him in this, the re-filed suit. *See id.* at 5-11. Plaintiff has now filed a motion for reconsideration of

that order by this Court pursuant to D. Kan. Rule 7.3 (Doc. # 44). That motion for reconsideration is hereby **denied**.

First, plaintiff's motion for reconsideration is denied as untimely. The motion was filed on July 28, 2010, but any motion for reconsideration was due on July 27, 14 days after the Court's order. *See* D. Kan. Rule 7.3(b).[1]

Moreover, even if the motion had been timely filed, the Court would deny it on its merits. A motion seeking reconsideration of a non-dispositive order "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). Whether to grant or deny a motion for reconsideration is committed to the district court's discretion. *See Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc.*, 259 F.3d 1226, 1235 (10th Cir. 2001). Plaintiff argues that reconsideration is necessary here to prevent manifest injustice. The Court disagrees.

The Court first declines plaintiff's invitation to strike the dismissal condition imposed by the state court. Plaintiff has cited no authority that would allow this Court to modify the terms of a dismissal order issued by a state court. Moreover, in his response to the underlying motion, plaintiff specifically stated that he did not challenge the state court's order or the condition imposed therein, but instead he merely argued that the condition had been satisfied.

---

[1] Plaintiff did not file a reply brief; thus, plaintiff has not disputed that his motion was untimely.

The Court also rejects plaintiff's argument that the Court should make an independent assessment concerning whether he has offered a just reason for escaping the state court's condition. Part of that condition from the state court was that such relief could only be based on a reason that went beyond those already rejected by that court, including failures by plaintiff's former counsel. Ignoring that part of the condition in order to make an "independent assessment" would be tantamount to amendment of the state court's order, which, as noted above, this Court is unwilling to do.

Plaintiff also suggests that the Court misinterpreted the state court's condition by requiring not merely information that was not previously presented to the state court, but also information not available to the state court. That argument arises from this Court's noting in its prior order that procedural history and a particular case (the *Cheek* case) were available to the state court in refusing to reconsider its order barring expert testimony from plaintiff and in imposing its dismissal condition. The Court rejects this argument as a basis for relief from the dismissal condition.

The only information identified by plaintiff in his latest motion that allegedly was not presented to the state court is (1) the fact that plaintiff's case was not similar to the *Cheek* case, as represented by defendants' counsel at the state court hearing, with respect to the procedural history of the case; and (2) former counsel's inaction in discovery. In essence, plaintiff suggests that a better legal argument regarding *Cheek* (showing that that case was distinguishable from plaintiff's situation) constitutes the type of new information that may justify relief from the dismissal condition. In its response to the

3

underlying motion, however, plaintiff did not argue or suggest that *Cheek* prohibited the state court from imposing its condition. Nor has plaintiff made any such suggestion in his present motion. Moreover, the state court did not rely on *Cheek* in making its ruling; rather, it stressed the fact that plaintiff already had a report from his expert and had two months after his counsel's withdrawal in which to meet the (already-extended) expert disclosure deadline. Even assuming the state court should not be charged with notice of a case that may or may not have proved persuasive to it, the Court concludes that the differences noted by plaintiff between his case and *Cheek* do not undermine the state court's basis for its decision.

Plaintiff also points to inaction regarding discovery by his former counsel, but he has not shown that such an argument was not presented to the state court. For instance, plaintiff's brief in support of his state-court motion for relief from the expert evidence ban refers to his counsel's failures, as set forth in the motion itself. Plaintiff failed to provide this Court with a copy of his motion, however. Thus, the Court can only conclude that plaintiff made any such failures known to the state court. In addition, the state court, in imposing its condition, explicitly stated that poor performance by the former counsel would not constitute a new reason justifying relief. Thus, this Court cannot rely on former counsel's inaction without improperly countermanding the state court's condition.

Plaintiff has not identified any way in which this Court misapprehended his position as argued in opposition to the underlying motion. Nor has plaintiff shown that

4

he is entitled to relief from the state court's dismissal condition. Accordingly, there is no basis for reconsideration of the Court's prior order.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for reconsideration of the Court's Memorandum and Order of July 13, 2010 (Doc. # 44) is **denied**.

IT IS SO ORDERED.

Dated this 28th day of October, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
