# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Alan Cardozo,**

       **Plaintiff,**

**v.**                                                     **Case No. 10-2011-JWL**

**Home Depot U.S.A., Inc.,**

       **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this diversity action against defendant Home Depot U.S.A., Inc., (hereinafter "Home Depot") asserting claims of strict liability and negligence based on his allegations that a defective ladder manufactured by Werner Company and sold by Home Depot caused injury to plaintiff. Home Depot answered the complaint and filed a counter claim against plaintiff for attorneys' fees and costs incurred by Home Depot in connection with a prior identical state court case filed by plaintiff (except that the case also included Werner Company as a defendant), in which the state court permitted plaintiff to dismiss his case without prejudice but reserved the issue of whether plaintiff would be responsible for Home Depot's attorneys' fees and costs in the state court action "until such time as the matter is refiled." Upon Home Depot's subsequent Rule 41(d) motion for fees and costs related to the state court action, this court denied the motion in large part but ordered plaintiff to pay costs to Home Depot in the amount of $100.00.

In December 2010, counsel for plaintiff and counsel for Home Depot (who also

represented Werner Company in the state court case) negotiated a settlement pursuant to which plaintiff agreed to dismiss his claims with prejudice in exchange for "all Defendants' (including Werner) and their counsels' agreement to not seek any order or payment of costs or fees from Mr. Cardozo or his counsel including agreement to not appeal the Court's order on Defendants' motion seeking costs and fees filed in this matter." Counsel for Home Depot agreed to draft a stipulation of dismissal. When defendant's counsel forwarded that draft to plaintiff's counsel in January 2011, the stipulation included a provision to which plaintiff had not agreed–plaintiff's agreement to dismantle his website, LadderInjury.com, and his agreement not to establish or contribute to any website that references in any manner Home Depot or Werner Company. Plaintiff now moves to enforce the settlement reached by the parties in December 2010. As will be explained, the motion is denied.

In response to the motion to enforce, Paul Kaulas, counsel for Home Depot (and, again, for Werner Company in the state court case), avers that Home Depot and Werner Company entered an agreement pursuant to which Werner Company agreed to pay for the attorneys' fees incurred by Home Depot in this case and to be responsible for paying any judgment, verdict or settlement rendered in this case. Mr. Kaulas further avers that at the time he negotiated the settlement with plaintiff's counsel, he had not communicated with Werner Company to confirm that he had authority to settle the dispute on those terms. When Mr. Kaulas did communicate in December 2010 with Werner Company's general counsel concerning the terms of the settlement (only after plaintiff's counsel, on behalf of plaintiff, had accepted the offer), Werner's general counsel responded that he wished he had been given a "heads up" about the settlement

2

because he desired, as part of the settlement, that plaintiff be required to dismantle his website. Mr. Kaulas, then, contends that he lacked the actual or apparent authority required under Kansas law to bind his client Werner Company to the settlement.[1]

The relationship between an attorney and a client is one of agency and the general rules of agency apply to that relationship. *Miotk v. Rudy*, 4 Kan. App.2d 296, 300 (1980). An agent may bind a principal when the agent either has actual or apparent authority to bind that principal. *Id*. The Supreme Court of Kansas has held that an attorney has no actual authority to compromise or settle his client's claim without his client's approval. *Reimer v. Davis*, 224 Kan. 225, 229 (1978). The court finds, based on the evidence presented, that Werner Company did not give Mr. Kaulas express authorization or implied consent to settle with plaintiff on the terms of the December 2010 settlement. Therefore, Mr. Kaulas lacked actual authority to bind Werner Company to the terms of the settlement agreement with plaintiff.[2]

Plaintiff suggests that, even if Mr. Kaulas lacked actual authority, he had apparent authority to settle the case and his agreement should bind his clients. "Apparent authority . . . is that which, though not actually granted, the principal *knowingly* permits the agent to exercise

---

[1] There is no dispute that Kansas law applies here.

[2] To the extent it might be argued (and plaintiff does not argue it) that Werner Company's authorization is irrelevant to the settlement of a case in which it is not a party, plaintiff's own evidence (his Exhibit A) demonstrates that the offer accepted by plaintiff expressly included an agreement from "all Defendants' (including Werner)" that neither those parties nor their counsel would seek an order or payment of costs or fees from Mr. Cardozo or his counsel. By the terms of the settlement, then, Werner Company's authorization is required.

3

or which *he holds him out* as possessing. . . . [A]n apparent agent is one who, with or without authority, reasonably appears to third persons to be authorized to act as the agent of another." *Ford v. Guarantee Abstract & Title Co.*, 220 Kan. 244, 268 (1976) (emphasis added); *Bucher & Willis Consulting Eng'rs v. Smith*, 7 Kan. App.2d 467, 470 (1982) (The apparent authority of an attorney to bind his client rests upon the words or conduct of the client which leads the third party dealing with the attorney to reasonably believe the attorney's authority is sufficient to cover the transaction in question).

There is no evidence that Werner Company "knowingly" permitted Mr. Kaulas to settle the case on its behalf. There is also no evidence that Werner Company held out Mr. Kaulas to plaintiff or anyone else as having the authority to settle the case on its behalf. Plaintiff does not identify any words or conduct of Werner Company which caused plaintiff or his counsel to believe that Mr. Kaulas's authority was sufficient to cover settlement of the case. Rather, plaintiff points to the conduct of Mr. Kaulas as evidencing apparent authority to settle the case. Plaintiff highlights that Mr. Kaulas clearly had the authority to manage the litigation in that Mr. Kaulas was responsible for scheduling depositions. The fact that Mr. Kaulas managed the procedural aspects of the litigation on behalf of his clients does not clothe Mr. Kaulas with apparent authority to settle the case. *Reimer*, 224 Kan. at 229 (While a client may be bound by her attorney's appearance, admissions, and other actions on her behalf, "[t]hat rule is limited, however, to control over procedural matters incident to litigation."). Moreover, it is well settled that merely employing an attorney to litigate and negotiate a claim does not give that attorney apparent authority to settle the case. *Miotk*, 4 Kan. App. 2d at 301. With respect to Mr. Kaulas'

4

statement that he was forwarding his client's settlement offer, apparent agency is based on words or acts of the principal toward third parties–not words or acts of the agent. *Mohr v. State Bank of Stanley*, 241 Kan. 42, 45 (Kan.1987). Plaintiff, then, has not come forward with any evidence that renders this case an exception to the general rule that the attorney needs actual authorization from his or her client to settle the claim. *Miotk*, 4 Kan. App.2d at 301.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to enforce settlement (doc. 53) is denied.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2011, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
