# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Alan Cardozo,**

      **Plaintiff,**

**v.**                                                                                                             Case No. 10-2011-JWL

**Home Depot U.S.A., Inc.,**

      **Defendant.**

## MEMORANDUM AND ORDER

Earlier this year, plaintiff moved to enforce a putative settlement reached in this case by counsel for both parties. The court denied the motion after finding, based on the evidence presented, that counsel for defendant did not have actual authority from his client Werner Company, as required under Kansas law, to settle the claim. Plaintiff has now filed a motion for reconsideration of the court's order denying the motion to enforce. As will be explained (although this order assumes familiarity with the court's prior order), the motion is denied.

A motion seeking reconsideration of a non-dispositive order "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). Whether to grant or deny a motion for reconsideration is committed to the district court's discretion. *See Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc.*, 259 F.3d 1226, 1235 (10th Cir. 2001). Plaintiff argues that reconsideration is necessary here to prevent manifest injustice. The court disagrees.

In his motion for reconsideration, plaintiff asserts that the evidence submitted by

defendants and relied upon by the court "does not prove that authorization for the settlement was not given." Specifically, plaintiff complains that defendants did not submit an affidavit from Werner's general counsel averring that Paul Kaulas, outside counsel for defendants, did not have authority to settle the case on the terms agreed to by Mr. Kaulas. It is true that no such affidavit was submitted. Nonetheless, Mr. Kaulas attached to his affidavit an e-mail from Werner's general counsel to Mr. Kaulas in which Werner's general counsel states that he wishes "you would have given us a 'heads up' [on the settlement terms] because I really wanted the 'LadderInjury.com' website taken down and dismantled as part of the settlement." The obvious conclusion to be drawn from this statement is that Mr. Kaulas had not obtained approval of the terms of the settlement from his client. While defendants might have been able to submit more direct evidence of Mr. Kaulas' lack of actual authority, plaintiff did not offer any evidence or argument challenging the substance of the e-mail from Werner's general counsel. Plaintiff did not indicate a desire for an evidentiary hearing or the need to take a deposition. Indeed, plaintiff declined to file a reply brief to defendants' response and, after the court contacted plaintiff's counsel to inquire about whether a reply brief would be forthcoming, plaintiff's counsel replied that the motion was ripe for resolution. In the absence of any evidence undermining or calling into question the substance of the e-mail from Werner's general counsel, the court reasonably inferred from that e-mail that Werner had not authorized Mr. Kaulas to settle the case on the terms agreed to by Mr. Kaulas.

In addition, Mr. Kaulas submitted an affidavit in support of defendants' position. Plaintiff complains that Mr. Kaulas did not actually aver that he lacked authority to settle the case on the

terms negotiated by him. Mr. Kaulas stated in his affidavit that at the time he made the settlement offer to plaintiff's counsel, he had not yet communicated with Werner "to confirm that I had the authority to settle on those terms." A common sense understanding of that statement is that Mr. Kaulas did not have authority to settle the case on the terms he offered. Again, in the absence of anything to the contrary, the court inferred from Mr. Kaulas' statement that he lacked such authority. Quite clearly, Mr. Kaulas' statement coupled with the e-mail from Werner's general counsel compels the conclusion on the record here that Werner had not authorized the settlement.

Plaintiff's remaining arguments have been either expressly or impliedly rejected by the court as they were raised in his initial motion. Plaintiff again urges that Mr. Kaulas' use of the phrase "my client's settlement offer" when he extended the offer to plaintiff's counsel evidences that he had Werner's authority to settle the case. As previously noted by the court, apparent agency is based on words or acts of the principal toward third parties–not words or acts of the agent. *Mohr v. State Bank of Stanley*, 241 Kan. 42, 45 (Kan. 1987). And plaintiff's continued reliance on a prior settlement offer made by defendants' local counsel–which was rejected by plaintiff–fails to demonstrate in any way that Mr. Kaulas had authority to settle the case on the terms offered by him and accepted by plaintiff.

Plaintiff has not shown any basis for reconsideration of the court's prior order and the motion is denied.

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for reconsideration (doc. 58) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT THAT** this case remains set for **trial** beginning at **9:30am on June 7, 2011.**

**IT IS SO ORDERED.**

Dated this 5th day of May, 2011, at Kansas City, Kansas.

                                          *s/ John W. Lungstrum*
                                          John W. Lungstrum
                                          United States District Judge